# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:05-00184-01

JOHN JACKSON,
    also known as "Aaron Green"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant John Jackson's letter-form Motion for Reduction of Sentence under the First Step Act of 2018. *Mot. for Reduction of Sentence*, ECF No. 175. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## I. BACKGROUND

On February 27, 2006, Defendant pleaded guilty to "Possession with Intent to Distribute 5 Grams or More of Cocaine Base," in violation of 21 U.S.C. § 841(a)(1). *See Plea Hr'g*, ECF No. 62; *Judgment*, ECF No. 65, at 1. In light of an Information filed pursuant to 21 U.S.C. § 851, "the defendant's penalties were increased as a repeat offender." *See Probation Mem.*, at 3. This resulted "in a statutory sentencing range of 10 years to life in prison and a term of supervised release of 8 years." *Id*. 28.05 grams of cocaine base, or "crack," were attributed to Defendant at the time. *Id.* Defendant's original guideline sentence ranged from 262 to 327 months, based on a criminal history category of VI and a total offense level of 34. *Id.* This Court sentenced Defendant to 262 months imprisonment, eight years of supervised release, a $100 special assessment, and a $7,500 fine. *See Judgment*, at 2–3, 6.

Since the imposition of his original sentence, Defendant's sentence has not been reduced. *Probation Mem.*, at 3. Considering his designation as a career offender, Defendant's guideline range was unaffected by the United States Sentencing Commission's 2011 and 2014 revisions to the crack to powder cocaine ratio specified in the Guidelines. *See id.* at 4. Defendant's adjustment to incarceration has not been without its pitfalls. Though he has completed two drug education programs, he has also been subject to sanctions on at least thirty-five separate occasions.[1] *Probation Mem.*, at 4–5. Defendant's infractions include, *inter alia*, numerous instances of engaging in sexual acts, refusing work assignments, and threatening bodily harm. *Id.* To date, Defendant has served approximately 171 months in prison. *Id.* He is currently projected to be released from custody on February 17, 2026. *Id.*

Pursuant to the First Step Act of 2018, Defendant filed a letter-form motion seeking a reduction in his sentence on January 7, 2019. *Mot. for Reduction of Sentence*, at 1. On June 4, 2019, Defendant's counsel submitted a memorandum arguing that he was eligible for a reduced sentence under the First Step Act, that the Court should conduct a full resentencing, and that Defendant's sentence should be reduced to time served. *Def.'s Mem.*, ECF No. 178. On June 19, 2019, the Government filed a Response to Defendant's memorandum, contending that Defendant's new guideline range was 188 to 235 months imprisonment under U.S.S.G. § 4B1.1(b) and that the "appropriate modified sentence is a reduction to a within-guideline sentence to be followed by a period of supervised release of six years." *See Resp.*, ECF No. 180, at 8.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on

---

[1] Information related to Defendant's institutional adjustment—including progress in educational courses and any sanctions—are drawn from the Bureau of Prison's SENTRY inmate management system.

the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 provides, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," that triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[2] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduced sentence inasmuch as courts are not required to grant relief under § 404. *Id.* The First Step Act thus represents a broad grant of discretion to the federal courts, and is indicative of how this Court's authority may be exercised.

Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).[3] *See, e.g., United States v.*

---

[2] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

[3] The U.S. Attorney's Office for the Southern District of West Virginia contends that the Court should "utilize the same procedures it has historically employed when retroactive guideline reductions are implemented"—namely, 18 U.S.C. § 3582(c)(2). *Resp.*, at 4. The Court disagrees, as § 3582(c)(2) permits reductions when the Sentencing Commission has reduced the sentencing range subsequent to a defendant's sentencing. Here, the sentencing changes are not the result of

*Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter.). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In light of these constitutional considerations, this Court— along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne v. United States*, 570 U.S. 99 (2013), to First Step Act cases) (listing cases).

---

the Commission's revisions, but Congress's enactment of a new statute. *See United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. April 15, 2019).

## III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, supplemental material from the defendant, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Here, 28.05 grams of cocaine base were attributed to Defendant at the time of his original sentencing. *Mem. on FIRST STEP ACT Eligibility*, at 3. This amount is greater than the statutory twenty-eight gram threshold set forth in 21 U.S.C. § 841(b)(1)(B)(iii). Importantly, however, Defendant was only convicted of "Possession with Intent to Distribute 5 Grams or More of Cocaine Base." *Judgment*, at 1. In determining which quantity of cocaine base applies to this analysis, the Court is convinced that well-settled Sixth Amendment jurisprudence governs the outcome. *See Alleyne*, 530 U.S. at 116 (holding that any fact increasing the mandatory minimum sentence of a crime must be submitted to a jury and proven beyond a reasonable doubt). This reasoning is consistent with that employed by other courts in this circuit. *See, e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543 (W.D. Va. 2019); *United States v. Springs*, No. 3:05-cr-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. Jul. 23, 2019). It is possible that Defendant would not have pleaded guilty to an indictment charging him with possession with the intent to distribute twenty-eight grams of cocaine base. Consequently, the Court will only consider five grams of cocaine base—the threshold amount contained in his Count Two of Defendant's Indictment—in determining if a reduced sentence is warranted here. *See Indictment*, ECF No. 1, at 2.

A quantity of five grams of cocaine base falls under the sentencing provisions of 21 U.S.C. § 841(b)(1)(C). The maximum statutory penalty under § 841(b)(1)(C) is twenty years imprisonment and at least three years of supervised release. Pursuant to the Government's § 851

Information, Defendant's maximum term of imprisonment increases to thirty years and his minimum term of supervised release increases to six years.[4] Under the Sentencing Guidelines, this new maximum penalty results in an offense level of 34. *See* U.S.S.G § 4B1.1. Defendant's three-level reduction for acceptance of responsibility results in a total offense level of 31 and a guideline range of 188 months to 235 months imprisonment.

Based on the issues present in this case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the revised guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court finds that a sentence at the high end of the guideline range is appropriate. Specifically, the Court recognizes that Defendant has been sanctioned repeatedly over the entire term of his imprisonment without any sign of improved institutional adjustment. *See Probation Mem.*, at 4–5. Therefore, the Court imposes a reduced sentence of 235 months of imprisonment, but not less than time served, to be followed by six years of supervised release. This Order in no way alters any

---

[4] Defendant incorrectly argues that "his prior convictions would be too old" to count toward a career offender enhancement if he were resentenced today. *See Def.'s Mem.*, at 7. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Here, Defendant was deemed a career offender because of "a 1989 federal conviction for possession with intent to distribute cocaine base in Indiana . . . and a 1995 Indiana state court conviction for dealing in cocaine base and possession of a firearm." *Def.'s Mem.*, at 2. Defendant's argument that the enhancement would no longer apply if he were resentenced is apparently based on section 4A1.2(e)(1) of the Guidelines, which provides a fifteen-year ceiling on offenses that count toward the career offender enhancement. Defendant is right to look to this section of the Guidelines for direction, *see* U.S.S.G. § 4B1.2, comment. (n. 3), but is wrong to assume that it limits his exposure to the career offender enhancement. This is because the fifteen-year period tracks backward from the "*commencement of the instant offense,*" not from the day of sentencing. U.S.S.G. § 4A1.2(e)(1) (emphasis added). It follows that even a full resentencing would not change the fact that Defendant qualifies as a career offender under section 4B1.1(a).

other aspect of the Court's previous judgment in this case.[5]

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** Defendant's Motion for Reduction of Sentence, ECF No. 175, and **ORDERS** the defendant's sentence be **REDUCED** to 235 months imprisonment, but not less than time served, and six years supervised release. The Court further **ORDERS** any good time credit and the revised release date be calculated within **fourteen days** of the entry of this Memorandum Opinion and Order. To the extent that Defendant requests a full resentencing, the Court **DENIES IN PART** his motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 31, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[5] In particular, the Court's original sentence included a $100 special assessment and a $7,500 fine. *See Judgment*, at 2–3, 6. These portions of Defendant's sentence are unaffected by this Order.