IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:05-00184-01

JOHN JACKSON,
    also known as "Aaron Green"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant John Jackson's Motion for Compassionate Release. ECF No. 203. For the reasons herein, the Motion is **DENIED**.

**I. FACTUAL BACKGROUND**

Defendant pled guilty on February 22, 2006, to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Presentence Report ("PSR") at 5, ECF No. 183; Plea Hr'g, ECF No. 62; Judgment at 1, ECF No. 65. The Government filed an Information pursuant to 21 U.S.C. § 851 to establish a prior federal drug offense conviction, which subjected Defendant to enhanced penalties under 21 U.S.C. § 841(b). ECF No. 23. This resulted in a statutory sentencing range of at least ten years to life in prison and a term of supervised release of at least eight years. *See* PSR at 1; 21 U.S.C. § 841(a)(1), (b) (2005).[1]

Defendant was attributed with 28.05 grams of cocaine base. PSR at 7; *see also* Sent. Trans. at 4, ECF No. 86. Defendant had an extensive criminal history, which included prior drug felonies, resulting in a criminal history score of seven. PSR at 10. But because Defendant was considered a

---

[1] Without the § 851 enhancement, Defendant would have faced statutory penalties of 5 to 40 years and at least 4 years of supervised release. *See* 21 U.S.C. 841(a)(1),(b) (2005).

"career offender," his United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range was enhanced pursuant to U.S.S.G. § 4B1.1. PSR at 8. With a total offense level of 34 and Criminal History Category of VI (because of these career offender provisions), his advisory Guidelines range was 262 to 327 months. PSR at 14. Defendant was sentenced to 262 months of imprisonment and eight years of supervised release. ECF No. 65.

On June 24, 2019, Defendant filed a memorandum regarding his eligibility for a reduced sentence under the First Step Act. ECF No. 178. On October 31, 2019, the Court determined that Defendant was eligible for resentencing under the First Step Act and that the maximum statutory penalty under 21 U.S.C. § 841(b) for a quantity of five grams of cocaine had changed to twenty years' imprisonment and at least three years of supervised release. Mem. Op. and Order at 5, ECF No. 184.[2] However, because of the § 851 Information originally filed after Defendant's indictment, Defendant remained subject to enhanced penalties under the revised statutory scheme, namely a maximum term of imprisonment of thirty years and a supervised release term of at least six years. *Id*. at 6. The Court also found that Defendant still qualified as a career offender and determined his new Guidelines range was 188 to 235 months of imprisonment. *Id*. at 5-6. The Court reduced Defendant's sentence to 235 months of imprisonment followed by six years of supervised release, noting that a sentence at the high end of the Guidelines range was appropriate after considering the § 3553(a) factors and his postconviction conduct. *Id*. at 6-7.

On January 25, 2021, Defendant filed a motion for compassionate release based on COVID concerns and his career offender status designation, which this Court denied. ECF Nos. 194, 198. Defendant then filed this motion for compassionate release on April 18, 2022. ECF No. 203. The

---

[2] The Court also found that because Defendant was convicted of "possession with intent to distribute 5 grams or more of cocaine base" only 5 grams of cocaine base was attributable for Defendant for sentencing purposes under Sixth Amendment jurisprudence. *Id*. at 5.

Government responded on May 19, 2022, per the Court's order. ECF No. 208.

## II. LEGAL STANDARD

"Generally, a court may not modify a term of imprisonment once it has been imposed." *United States v. Wirising*, 943 F.3d 175, 179 (4th Cir. 2019), *as amended* (Nov. 21, 2019) (internal quotations omitted) (citing 18 U.S.C. § 3582(c)). However, there are many exceptions to this rule. In 1984, Congress created a mechanism for federal inmates to seek what is now known as "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). In 2018, through the passage of the First Step Act, Congress partially amended the compassionate release-statute. *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239-40 (2018). As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act § 603(b). However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*. If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if it (1) finds that extraordinary and compelling reasons warrant a sentence reduction, and (2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors and determines the requested reduction is consistent with the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion…." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). However, reductions based on extraordinary and compelling reasons must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In the case

of compassionate release motions under the statute, this consistency mandate "simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[ ].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A). As a result, "district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020) (emphasis added)). But the second consideration does not fall away completely because it is appropriate for district courts to consider § 1B1.13 of the Federal Sentencing Guidelines in defining what should be considered an extraordinary and compelling circumstances warranting a sentence reduction. *United States v. Jenkins*, 22 F.4th 162, 169-70 (4th Cir. 2021) ("Thus, the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction.").

This Court has previously found that a change in career offender status may constitute extraordinary and compelling circumstances, but that it is merely one factor to be taken in conjunction with the defendant's record, subsequent behavior, and the entire circumstances in each case. *See United States v. Johnson,* No. 3:11-00054, 2022 WL 1510544, at *6 (S.D.W. Va. May 12, 2022) (citing *United States v. Myers*, No. 01-188, 2021 WL 2401237, at *3, (D. Md. June 11, 2021)); *United States v. Blankenship*, No. 2:02-00097, 2022 WL 2036280, at *4 (S.D.W. Va. June 6, 2022) (collecting cases). With this framework in mind, the Court will examine whether Defendant can first demonstrate that extraordinary and compelling reasons exist. The Court will also consider the alleged sentence disparity and relevant § 3553(a) sentencing factors.

### III. ANALYSIS

A. Exhaustion

As an initial matter, Defendant has exhausted his administrative remedies. The Government attached the Warden's denial of his request for reduction in sentence from February 16, 2022. *See* Ex. 3, ECF No. 208-3.

B. Extraordinary and Compelling Circumstances

Defendant argues that extraordinary and compelling circumstances exist because (1) if sentenced today, he would not be classified as a career offender; (2) a sentencing disparity exists between his sentence reduction and another defendant's sentence reduction and; (3) his father is elderly and in poor health. *See e.g.*, Def.'s Mot. The Government responds that his prior offenses remain predicate offenses for the career offender enhancement and that the other grounds do not constitute extraordinary and compelling reasons for relief in this instance. *See e.g.*, Govt.'s Resp., ECF No. 208.

*i. Career Offender Designation*

To establish potentially extraordinary and compelling circumstances, the Court must determine that, if convicted today, the career offender designation would be inapplicable to Defendant. Under the Guidelines, a convicted defendant will receive an enhanced sentence if designated a "career offender." U.S.S.G. MANUAL § 4B1.1. A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction;" (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense;" and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id*. § 4B1.1(a).

The Guidelines define a "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b). At the time of Defendant's sentencing, he had two prior controlled substance offenses: a 1988 federal conviction for possession with intent to distribute and a 1995 Indiana state conviction for dealing in cocaine. PSR at 9. Defendant argues that his prior Indiana conviction would no longer qualify as a predicate controlled substance offense for the career offender enhancement. Def.'s Mot. at 5-6.

*a. Prior Indiana Dealing in Cocaine Conviction*

Defendant was convicted in 1995 of dealing in cocaine in violation of Indiana law. *See* PSR at 9. The Seventh Circuit has previously held that an offense under this statute qualifies as a controlled substance offense, under a modified categorical approach.[3] *See United States v. Smith*, 921 F. 3d 708, 713 (7th Cir. 2019). In doing so, the Seventh Circuit examined Indiana caselaw to find that the statute is divisible, and this Court agrees with that analysis. *Id*. at 713-15 (collecting cases). When a statute is divisible, that is, when it lists potential offense elements in the alternative, and it is unclear which element played a part in the defendant's prior conviction, courts may use the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 261-62 (2013). This allows the Court to examine a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a

---

[3] The Court notes that, were it to apply a categorical approach, it may well be the case that the Indiana statute is overbroad, under Fourth Circuit jurisprudence. *See United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022) (holding that the application note to § 4B1.2 including inchoate controlled substance offenses is inconsistent with the Guideline's text). The Indiana statute in question criminalizes financing drug dealing, which the *Smith* court noted specifically included behavior that might fall under the inchoate offenses application note to § 4B1.2. 921 F.3d at 713 n.1. By the Fourth Circuit's logic then, if financing drug crimes includes behavior that is an inchoate offense, it is overbroad and cannot count as a predicate offense for career offender purposes. But because the Court is convinced by the Seventh Circuit's analysis of Indiana law to find that the statute is divisible and subject to a modified categorical approach (and Defendant was convicted of delivering cocaine base), it need not consider this issue.

defendant was convicted of." *Mathis v. United States*, 579 U.S. 500, 505 (2016); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (same). Here, Defendant was convicted of violating § 35-48-4-1(a)(1)(C) and (b)(1). *See* Ex. 1, ECF No. 208-1. In relevant part, the 1995 Indiana statute stated:

> (a) A person who:
> (1) knowingly or intentionally:
>     (C) delivers; []
> cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;….
> commits dealing in cocaine or a narcotic drug, a Class B felony, except as provided in subsection (b).

Ind. Code § 35-48-4-1(a)(1)(C) (1990).[4] Subsection (b)(1), which Defendant was also convicted under, specified that the offense became a Class A felony if "the amount of the drug involved weighs three (3) grams or more." *Id*. § (b)(1).

To convict Defendant of delivering cocaine in violation of Indiana Code § 35-48-4-1(a)(1)(C), the following elements must be proven: (1) Defendant; (2) knowingly or intentionally; (3) delivered; (4) cocaine. *See Collins v. State*, 659 N.E.2d 509, 510 (Ind. 1995). These elements match the Guidelines generic definition of a controlled substance offense in U.S.S.G. § 4B1.2(b). And, as the Seventh Circuit noted, "[t]he distinction between "deliver" in Indiana's statute and "distribute" in the Guidelines' definition is without a difference." *Smith*, 921 F.3d at 716; *see also United States v. Madkins*, 866 F.3d 1136, 1144 (10th Cir. 2017) ("Federal law provides that for purposes of [U.S.S.G. § 4B1.2(b)'s] definition, 'distribute' means 'to deliver ... a controlled substance or listed chemical.'" (second alteration in original) (quoting 21 U.S.C. § 802(11)).

Defendant incorrectly argues that *Lomax* means his prior felony conviction no longer

---

[4] The statute was amended in 1995, but because the conduct took place in January 1995, that version was not yet in effect. And though Defendant was ultimately convicted, and judgment entered, in December 1995, when the later version of the statute was in effect, sections (a)(1) and (b)(1) remained completely unchanged. The amendment simply added that the offense was a Class A felony if the person delivered or financed the delivery of the drug in certain areas such as a school bus, on school property, or in a public park.

qualifies as a controlled substance offense subjecting him to the career offender enhancement. *See* Def.'s Mem. at 5-6 (citing *United States v. Lomax*, No. 1:19-CV-03843, 2021 WL 490271 (S.D. Ind. Feb. 9, 2021)). In that case, Lomax was subject to an enhanced sentence under 21 U.S.C. § 851 due to a prior conviction for possession of cocaine in violation of Indiana Code § 35-48-4-6. *Id*. at *1. Because the district court found that Indiana's definition of "cocaine" was broader than the federal definition, defendant's prior conviction did not qualify as a "felony drug offense" for an enhanced sentence under § 851. *Id*. at *3. The district court relied on *United States v. De La Torre*, 940 F.3d 938, 951-52 (7th Cir. 2019), which held that Indiana's definition of methamphetamine was overbroad, and thus a defendant's Indiana conviction of dealing in a controlled substance could not serve as a predicate felony drug offense to subject him to an § 851 enhancement.[5]

But *De La Torre* did nothing to overturn precedent that Indiana convictions for dealing in cocaine qualify as predicate offenses for career offender purposes. Further, as the Seventh Circuit later noted, finding that a state conviction is overbroad and does not qualify as a predicate "felony drug offense" for § 851 purposes does not mandate the same outcome in determining whether the conviction is a "controlled substance offense" for career offender enhancements. *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Instead, the Seventh Circuit noted that § 4B1.2(b)'s "definition lays out our guide-posts: controlled-substance offenses include state-law offenses related to controlled or counterfeit substances punishable by imprisonment for a term exceeding one year." *Id*. at 652 (quoting *United States v. Hudson*, 618 F.2d 700, 701 (7th Cir. 2010)). It specifically noted that its holding in *Smith* was limited to whether the elements of the Indiana crime matched

---

[5] As an additional note, Defendant does not challenge whether his conviction constitutes a felony drug offense for § 851 purposes. Nor could he, given that the § 851 enhancement in his case was predicated on his federal drug conviction for possession with intent to distribute under § 841(a)(1). *See* ECF No. 23

the Guidelines' definition of the elements of a controlled substance offense. *Id*. 652-53. Finally, the Seventh Circuit concluded that, given the natural meaning of a controlled substance, Ruth's possession with intent to distribute cocaine conviction under Illinois law was a controlled substance offense for the career offender provision. *Id*. at 654.

The Fourth Circuit has taken a similar approach. *See United States v. Ward*, 972 F.3d 364, 672 (4th Cir. 2020) (rejecting argument that 4B1.2(b) is limited to state offenses that define substances just as federal law defines them); *see also United States v. Mills*, 485 F. 3d 219, 222-24 (rejecting argument that a court must look to the federal Controlled Substance Act's definitions for purposes of career offender enhancements). In fact, it explicitly noted that "[l]ike the Seventh Circuit, '[w]e see no textual basis to engraft the federal Controlled Substances Act's definition of 'controlled substance' into the career-offender Guidelines.'" *Ward*, 972 F.3d at 373 (quoting *Ruth* 966 F.3d at 654). The mere fact that Indiana's definition of cocaine is overbroad for the purposes of defining "felony drug offense" for an § 851 enhancement does nothing to further Defendant's argument.

Instead, "[a] predicate offense arises under *either* "federal *or* state law" if it satisfies the two criteria: (1) the offense is punishable by at least one year's imprisonment; and (2) the law prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or the possession with the intent to do so)." *Id*. at 372 (alterations in original). And here, the offense was punishable by at least one year's imprisonment and prohibits the distribution of a controlled substance. *See* Ind. Code § 35-20-2-4 (1994) (setting out the penalties for a Class A felony). Thus, there has been no intervening change in law to constitute an extraordinary and compelling reason for relief.

*ii. Family Circumstances*

Defendant also notes that his father suffers from diabetes and occasional bouts of amnesia and argues that he should be released to act as his caregiver. Def.'s Mot. at 6. The Guidelines contain an application note detailing the types of family circumstances warranting release as extraordinary and compelling reasons. U.S.S.G. § 1B1.13, cmt. n.1(C). It provides that the standard is met if there has been "[] death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[]incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id*. While not binding, the application note remains helpful guidance. *See United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). Importantly, the application note does not extend to the incapacitation of a parent.

Here, Defendant alleges that his father suffers from certain medical conditions, but not that his father is incapacitated. Further, he provides no information regarding management of his father's condition or whether he currently has a caregiver. Of course, while the Court is sympathetic to his father's medical ailments, Defendant's stated basis for relief is insufficient here. Similar difficulties are unavoidable when a defendant in his mid-thirties at the time of sentencing is incarcerated for a lengthy period of time. Other courts examining the issue have also held that a desire to care for an ailing parent is an insufficient basis for compassionate release. *See e.g.*, *United States v. Guyton,* 859 F. App'x 435, 438 (11th Cir. 2021); *United States v. Gregory*, 538 F. Supp. 3d. 562, 569 (D. Md. 2021); *United States v. Baye*, 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020); *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). Thus, the Court cannot say that these circumstances are extraordinary or compelling for the purpose of warranting compassionate release.

*iii. Sentencing Disparity and § 3553(a) Factors*

Defendant additionally claims that a sentencing disparity exists between his sentence reduction and that of another defendant in this district, Jason Lorel Minter. Def.'s Mot. at 2-3, 6; *United States v. Minter*, No. 3:03-CR-00253, (S.D.W. Va. October 21, 2003), ECF No. 211. In determining the sentence to impose, a court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). A court will also consider other factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; afford[ing] adequate deterrence to criminal conduct; protect[ing] the public from further crimes of the defendant; and provid[ing] the defendant with needed education or vocation training, medical care, or other correctional treatment in the most effective manner. *See id*. § 3553(a). These factors also must be considered when deciding whether to grant compassionate release.

This Court reduced Minter's sentence for possession with intent to distribute cocaine base (and two other offenses) from 360 months to 212 months under the First Step Act. *Minter*, ECF No. 211. The Court decided this reduction was appropriate after considering the nature and circumstances of the offense and Minter's history and characteristics, as well as the other 3553(a) factors, and after determining that career offender enhancement was inappropriate. *Id*. Without the career offender enhancement, Minter's Guidelines range on the drug offense was 135-168 months, and the Court sentenced him in the middle of that range after considering the § 3553(a) factors including his history and numerous infractions while in prison.[6]

---

[6] Minter also received a 60-month sentence on a firearm count, resulting in a total sentence of 212 months.

Here, Defendant also received a sentence reduction under the First Step Act, from 262 months to 235 months of imprisonment. As the Court noted at the time of the original sentencing, the career offender enhancement was particularly appropriate. Sent. Trans. at 7-9. Defendant was 34 years old at the time of his offense, not a young or otherwise inexperienced person. He had already received two serious felony convictions involving distribution of cocaine base, for which he received significant sentences. *Id*. Yet, these sentences were insufficient to deter Defendant from engaging in the same criminal conduct. *Id*. Thus, with the career offender enhancement, the resulting Guidelines range was 188 to 235 months.[7] Mem. Op. and Order, at 5-6.

After considering the revised Guidelines range and the 3553(a) factors as they pertained to Defendant, the Court concluded that a sentence at the high end of the Guidelines range was appropriate. Specifically, the Court noted that Defendant had been sanctioned repeatedly throughout his term of incarceration, without any sign of improved adjustment. Mem. Op. and Order at 5-6. He has been sanctioned forty-eight times for numerous and repeated violations including threatening staff, assault, assault on BOP staff, engaging in sexual acts, refusing to obey orders, misusing medication, destruction of property, and more. *See* Ex. 4, ECF No. 208-4.[8]

Defendant's behavior while in BOP custody is also an important indicator of whether he remains a danger to the community for compassionate release purposes. *See* 18 U.S.C. § 3582(c)(1)(A)(ii). Courts place significant weight on a defendant's post-sentencing conduct because it "provides the most up-to-date picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)); *see also United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020). Here, since the time of the resentencing,

---

[7] Because the Government had had filed the § 851 enhancement based on a prior federal drug offense, Defendant's statutory maximum remained enhanced, which impacted his Guidelines range under the career offender provisions.
[8] Seven of these have occurred since Defendant's resentencing. *See id.*

Defendant has continued to receive sanctions for threatening BOP staff, refusing to obey orders, insolence, and refusing a work assignment; the last of these occurred as recently as December 2021.

The difference between Minter's reduced sentence and Defendant's reduced sentence is 23 months of imprisonment. This is, of course, not an insignificant amount, but the sentence difference is more than accounted for by the Court's consideration of the appropriate factors relative to each Defendant. Moreover, were the Court to consider these factors again, it would draw the same conclusion. After a complete consideration of Defendant's history and characteristics, the nature and circumstances of his offense, and other sentencing factors, overall, the Court finds that the § 3553(a) factors weigh against release. Those same factors also justify the sentence disparity between Defendant and Minter, and thus, there is no extraordinary and compelling circumstances for relief on that ground.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 203) is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: July 27, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE