IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO. 3:05-00184-01

JOHN JACKSON,
    also known as "Aaron Green"

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendant John Jackson's Motion in Light of Rule 60 Based on Newly Discovered Evidence for Court to Expedite and Reverse its Order Denying Compassionate Release. ECF No. 219. For the following reasons, the Motion is **DENIED**.

Mr. Jackson pleaded guilty to 21 U.S.C. § 841(a)(1) on February 27, 2006 and was sentenced to 262 months imprisonment followed by 8 years supervised release on June 6, 2006. *See* ECF Nos. 62 & 64. Since that time, Mr. Jackson has filed several pro se motions before this Court. On January 25, 2021, Defendant filed a motion for compassionate release based on COVID concerns and his career offender status designation, which this Court denied. ECF Nos. 191, 194, 198. On July 27, 2022, the Court denied a second Motion for Compassionate Release, finding that he had failed to show an extraordinary and compelling reason justifying release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 209. At that time, Movant again argued that compassionate release was warranted on the grounds that if sentenced today he would not be classified as a career offender; to the contrary, the Court found that Mr. Jackson could have been designated a career offender under modern guidelines. *See id.*; ECF No. 203. On August 18, 2022, the Court denied

Mr. Jackson's Motion for Reconsideration of that decision, finding that he made "many unmeritorious allegations and largely rehash[ed] the same arguments that the Court considered in detail in denying the original motion." ECF No. 211. Mr. Jackson then appealed that denial to the Fourth Circuit. ECF No. 113. Now he has motioned under Rule 60 of the Federal Rules of Civil Procedure for this Court to amend its judgment denying compassionate release on the grounds of newly discovered evidence.

While Mr. Jackson broadly cites Rule 60 in his Motion, the Court will consider that Motion to have brought under subsection 60(b)(2), given his argument that amendment is appropriate due to newly discovered evidence. "A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After a movant has made this showing, the movant must then satisfy one of the six specific grounds for relief enumerated in 60(b)(1)–(6). *Id*. (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Under Federal Rule of Civil Procedure 60(b)(2), a court may relieve a party from a final judgment or order when presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Additionally, under Rule 60(b)(2), a movant must show: "(1) evidence newly discovered since the judgment was entered; (2) that due diligence on the part of the movant has been exercised; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Morgan v. Ballard*, 2022 WL 2387732 at *5 (S.D.W. Va. July 1, 2022) (citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)). Furthermore, the Fourth Circuit has held that a Rule 60(b) motion

"is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48 (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

Mr. Jackson's Motion fails to satisfy any of these criteria. He begins by re-asserting arguments concerning his prior conviction identical to those he raised in his first Motion for Compassionate Release (ECF No. 191), his second Motion for Compassionate Release (ECF No. 203), and his Motion for Reconsideration (ECF No. 210). In each of these filings, Movant attacks his 1995 Indiana state conviction for dealing in cocaine under Indiana Code § 35-48-4-1, arguing that it should not qualify him for the career-offender enhancement under the United States Sentencing Guidelines ("U.S.S.G."). As discussed at length in this Court's denial of his original motion, as a "felony drug offense," that 1995 conviction supports a career-offender enhancement under U.S.S.G. § 4B1.1. ECF No. 209; *see United States v. Ward*, 972 F.3d 364, 372 (4th Cir. 2020); *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). To support the U.S.S.G. enhancement, as a felony drug offense, the predicate offense must be "(1) punishable by at least one year's imprisonment; and (2) the law prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with intent to do so)." *Ward*, 972 F.3d at 372.

Mr. Jackson's "newly discovered evidence" is a recent Northern District of Indiana decision, which he cites for the proposition that § 35-48-4-1's "delivery" requirement may be constructive in nature. *See* ECF No. 219 at 6-7 (citing *Cook v. Warden*, 2022 WL 2828836 (N.D. Ind. July 19, 2022)). Most importantly, a recent district court decision from Indiana does not qualify as "newly discovered evidence;" properly, it is not "evidence" of any kind. Additionally, Mr. Jackson has not explained how a district court decision implicates the "exceptional circumstances" required for this Court to grant relief. *See Dowell*, 993 F.2d at 48. The Court also finds that Mr. Jackson has improperly brought this action under Rule 60(b); his attempts at re-

arguing the initial issues of his Motion for Compassionate Release with a new citation indicate that he is improperly attempting to use Rule 60 as a "substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48.

Nor would this non-binding federal interpretation of state law on an arcane nuance be "likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Morgan*, 2022 WL 2387732 at *5. Movant argues that, because "delivery" may be constructive under Indiana law, the law cannot support the career offender enhancement, as it does not prohibit "manufacture, import, export, distribution or dispensing" of a controlled substance. *Id*. at 9. As a matter of fact, § 35-48-4-1 *does* prohibit manufacturing, financing of manufacturing, and possession with intent to manufacture or finance manufacture of cocaine or narcotic drugs, in addition to delivery or financing the delivery of such drugs, in accordance with federal law. Additionally, Mr. Jackson was convicted of possession with intent to deliver cocaine, rather than the constructive delivery discussed in *Cook v. Warden*; this offensive conduct clearly fits the enhancement guidelines. *See* Presentence Report at 9, ECF No. 183; *Ward*, 972 F.3d at 372 (stating the enhancement is applicable where the underlying statutory violation prohibited possession with intent to distribute or dispense); *Cook*, 2022 WL 2828836 at *5 (discussing "constructive transfers" of drugs sufficient to meet the elements of § 35-48-4-1). Finally, neither the Fourth Circuit case cited by Mr. Jackson for the "distribute" requirement, *Ward*, 972 F.3d at 372, nor the guideline provision itself, § 4B1.1, indicate that "distribution" may not be constructive, as in the Indiana statute.

For the foregoing reasons, the Court **DENIES** Mr. Jackson's Motion in Light of Rule 60 Based on Newly Discovered Evidence for Court to Expedite and Reverse its Order Denying Compassionate Release. ECF No. 219. The Court **DIRECTS** the Clerk to send a copy of this Order

- 5 -

to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

                                                          ENTER: December 5, 2022

                                                          ROBERT C. CHAMBERS
                                                          UNITED STATES DISTRICT JUDGE